No. 19,347.

A. W. CAIN, *Plaintiff*, v. H. N. KINKHEAD, as County Clerk, etc., et al., *Defendants*.

SYLLABUS BY THE COURT.

1. TITLE TO ISLANDS IN NAVIGABLE STREAMS—*Proceedings to Determine—Duties of County Clerk.* Under the statute providing that one seeking to acquire title to land on the theory of its being an island belonging to the state shall deliver certain papers to the county clerk for filing, after which steps shall be taken to cause the rights of all claimants to be determined by the district court, the clerk is not justified in refusing to file the papers upon the ground that the claim of the person presenting them is without merit on the facts.

2. SAME—*Insufficient Grounds for Rejecting Cost Bond.* Where a surety on a cost bond makes affidavit that he is worth fifty thousand dollars over all debts and exemptions, the officer required to pass upon the sufficiency of the security is not justified in rejecting the bond without further investigation, merely because he has no other information concerning the surety, who is a resident of another county.

Original proceeding in mandamus. Opinion filed May 9, 1914. Writ allowed.

*Fred S. Jackson,* of Topeka, for the plaintiff.

*Thomas A. Scates,* and *A. B. Reeves,* both of Dodge City, for the defendants.

The opinion of the court was delivered by

MASON, J.: A. W. Cain asks a writ of mandamus against the county attorney and county clerk of Ford county requiring the one to approve the form of, and the other to file, various papers by which he seeks to acquire title to a tract which he asserts is an island in the Arkansas river, owned by the state. The defendants resist the application and contend that it should be denied for these reasons, among others: Because the tract in question never was an island; because if it ever was an island it is not one within the meaning of the statute of 1913; because it has been occupied and improved by the city of Dodge City as a public park, and in virtue of that fact is by such statute withdrawn from settlement; because the plaintiff has never in fact made a settlement on the tract, and in other respects has not brought himself within the operation of the law; because the bond offered by the plaintiff is insufficient.

Whether the land involved is owned by the state, whether if so it is open to settlement, and whether the plaintiff has made settlement upon it, are questions of fact not to be tried out in this proceeding. The statute provides that after the filing of such papers as are tendered by the plaintiff steps shall be taken by which these questions and others—"the issues of fact and of law, and all claims of the respective parties to such lands"—shall be fully tried and determined in the district court. (Laws 1913, ch. 295, § 3.) The acceptance of the plaintiff's papers for filing is not a recognition of any right or claim made by him; it merely initiates a proceeding under the statute by which his rights and those of other claimants may be determined. We think, therefore, that they should be approved as to

form by the county attorney and filed by the county clerk, unless they are defective upon their face. No such defect is pointed out, but it is said that the only surety on the bond who qualifies is a nonresident of the county, concerning whose responsibility the clerk has no information. The statute requires sureties to be residents of the state, but not of the county. (Gen. Stat. 1909, § 6345.) One of the sureties makes affidavit that he is worth fifty thousand dollars over and above all debts and exemptions. The form of the justification is defective, as it leaves out "liabilities," or contingent obligations. But in the absence of any evidence to the contrary his affidavit raises a presumption of his sufficiency as security for the costs of the proceeding. The approval of the bond will not prevent the district court from requiring further security, should occasion therefor appear.

It follows that the county attorney should approve the papers tendered by the plaintiff as to form, and that the county clerk should file them and approve the bond. The county superintendent is made a defendant, and an order is asked that she be required to appoint appraisers. This duty, however, under the present law seems to devolve upon the county commissioners. (Laws 1913, ch. 274, § 1.)

To prevent any possible misapprehension it should perhaps be stated that nothing is here decided beyond the mere right of the plaintiff to institute a proceeding in which his claims may be passed upon in the manner provided by the statute. This decision confers upon him no right with respect to the possession of the land, nor does it in any way adjudicate his claims in regard thereto. The suggestion may also be made, for whatever bearing it has on the matter, that the principle upon which the court (*in Winters v. Myers,* ante, p. 414, decided at this sitting) holds a part of the "island" act of 1913 to be unconstitutional—namely, that the legislature can not give to individuals land owned by the

state—does not apply to a gift made to a municipal corporation for public uses.

On the grounds stated the plaintiff is held to be entitled to have his papers filed, and to the allowance of a peremptory writ.